FILED

98 JAN -7 AM 7: 36

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JAN 7 1998

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

SHILENA R. MOORE,        }
                         }
     Plaintiff,          }
                         }   CIVIL ACTION NO.
     vs.                 }
                         }   CV-96-AR-2250-E
SUPERVALU, INC.,         }
                         }
     Defendant.          }

## MEMORANDUM OPINION

The court has for its consideration the motion of defendant, SuperValu, Inc. ("SuperValu"), for summary judgment in the above-entitled action. Plaintiff, Shilena R. Moore ("Moore"), a black female formerly employed at SuperValu's facility located in Anniston, Alabama (the "Anniston facility"), alleges that SuperValu violated the Civil Rights Act of 1964, *as amended*, the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), by twice failing to hire her for the position of "Perishable Clerk" because of her race. In a related claim, Moore alleges that SuperValu engaged in unlawful retaliation by discharging her because she filed a charge of racial discrimination with the Equal Employment Opportunity Commission ("EEOC"). For the reasons set out below, the court determines that no genuine issue of material fact exists with respect to Moore's claim for discriminatory failure to hire and, therefore,

41

that SuperValu is entitled to judgment as a matter of law on that claim only.

## I. *Pertinent Undisputed Facts*

Moore began working at SuperValu's Anniston facility in 1989 as a contract employee hired through Personnel Staffing, Inc. ("PSI"). Throughout her employment at SuperValu, Moore was assigned to a variety of positions, including that of "Perishable Clerk" on several occasions. In June, 1994, Moore applied for regular employment with SuperValu by submitting an application for the position of Perishable Clerk. Because she failed to pass an "Employment Inventory" examination that SuperValu requires of all outside applicants, Moore did not receive the position. Instead, the position was awarded to another black female who did pass the examination. Nevertheless, Moore continued to work at the Anniston facility through PSI.

In June, 1995, Moore sought regular employment with SuperValu as a Perishable Clerk for a second time. Because SuperValu considered her application from June, 1994, as "active," Moore was not required to submit a new employment application at this time, and she did not do so. Unfortunately, Moore again failed to pass the required examination. As a result, she did not receive the position, which, on this

2

occasion, was awarded to a white female who did pass the examination.

In September, 1995, the position of Perishable Clerk again became vacant at SuperValu. At this time, SuperValu no longer considered Moore's June, 1994, employment application to be "active." Although Moore was aware of this fact, she did not submit a new employment application with SuperValu at this time. As a result, the company did not consider Moore for this vacancy, which was awarded to a white female.

On December 7, 1995, Moore filed a charge with the EEOC. In her charge, Moore alleged that SuperValu's failure to hire her as a Perishable Clerk in June, 1995, was the result of racial discrimination. SuperValu terminated Moore's employment on January 16, 1996, for excessive absenteeism and tardiness. This lawsuit followed.

## II. *Summary Judgment Standard*

Rule 56, Fed.R.Civ.P., states in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). In addition, the Eleventh Circuit has observed that "[s]ummary judgment is appropriate where there

3

exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1061 (11th Cir. 1994). SuperValu has invoked Rule 56.

### III. *Discussion*

As noted above, Moore makes a claim for disparate treatment in hiring. She also makes a claim for retaliation. The court will address each claim in turn.

#### A. Moore's Failure to Hire Claim.

Moore alleges that she experienced disparate treatment because of her race when SuperValu failed to hire her for the position of Perishable Clerk in June, 1995, and September, 1995. The United States Supreme Court first articulated the *prima facie* case for disparate treatment in employment settings in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973). The Court later refined this standard in Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089 (1981). Federal courts use this standard where, as here, a plaintiff's claim of disparate treatment relies on circumstantial evidence. Over the years, the McDonnell Douglas-Burdine model has been adapted to analyze varying types of employment discrimination claims. For example, in order to make out a *prima facie* case for

4

discriminatory failure to hire, an employee must demonstrate: (1) that she is a member of the protected class; (2) that she both applied and was qualified for the position in question; (3) that, despite her qualifications, she failed to receive the position; and (4) that the position remained open or was filled by someone outside the protected class. Coutu v. Martin County Bd. of County Com'rs, 43 F.3d 1068, 1073 (11th Cir. 1995). If Moore establishes a *prima facie* case for discriminatory failure to hire, then the burden of production shifts to SuperValu to establish evidence of a legitimate, nondiscriminatory reason that explains why it took the employment action that it did. Id. Finally, if SuperValu meets this exceedingly light burden, then the burden shifts to Moore to show that the reason given by SuperValu is, in fact, a pretext for race discrimination. Id.

SuperValu contends that Moore cannot make out her *prima facie* regarding its failure to hire her for regular employment in either June, 1995, or September, 1995. More specifically, the company argues that, with respect to its failure to hire her in June, 1995, Moore cannot show that she was qualified for the position of Perishable Clerk. SuperValu also argues that, with respect to its failure to hire her in September, 1995, Moore cannot show that she applied for the position of Perishable Clerk. The company's arguments are well taken.

5

It is undisputed that SuperValu requires all outside applicants for hourly positions at its Anniston facility, including the position of Perishable Clerk, to take an "Employment Inventory" examination. It is also undisputed that, pursuant to its policies and procedures, SuperValu hires only those applicants who score within the "acceptable" range on the examination.[1] Finally, it is undisputed that, when Moore took the examination in June, 1995, she scored in the "unacceptable" range. Thus, the record makes clear that Moore cannot show that she was qualified for the position of Perishable Clerk in June, 1995. Accordingly, the court concludes that SuperValu is entitled to summary judgment regarding its failure to hire Moore at that time.

Moore presents no theory of Title VII liability based on disparate impact resulting from the examination that allegedly has adverse impacts on the protected class to which she belongs. Thus, she concedes that the examination was a legitimate measure of qualifications for the purpose of comparing applicants.

The record evidence also requires the same conclusion with respect to SuperValu's failure to hire Moore in September, 1995. It is undisputed that, pursuant to its policies and procedures,

---

[1] However, provided that no applicants score within the acceptable range, SuperValu will consider hiring applicants who score within the "caution" range on the examination.

6

SuperValu retains employment applications for only one year from the date they are submitted. Consequently, SuperValu does not consider employment applications that are more than one year old when filling vacant positions. Moore admits in her deposition to being aware of this policy. Moore Dep. at 88. It is also undisputed that, at the time of the vacancy in September, 1995, Moore's employment application was more than one year old.[2] She did not renew her application for the position at that time. Moore Dep. at 109-11. Therefore, the record makes clear that Moore cannot show that she ever applied for the position of Perishable Clerk in September, 1995. Under this circumstance, Moore again has failed to satisfy her *prima facie* case, and SuperValu is entitled to judgment as a matter of law regarding its failure to hire her in September, 1995.

### B. Moore's Retaliation Claim.

Without attempting to explain its reasoning, the court finds that there are disputed issues of material fact bearing on Moore's theory of liability stemming from her termination as an alleged proximate consequence of her filing an EEOC charge. Thus, summary judgment is inappropriate as to Moore's retaliation claim.

---

[2] Recall that Moore originally applied for the Perishable Clerk position in June, 1994.

7

## IV. *Conclusion*

The court will enter a separate and appropriate order in accordance with this memorandum opinion.

DONE this 6th day of January, 1998.

*[signature]*

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE