FILED

98 FEB 27 PM 2: 36

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

FEB 2 7 1998

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

SHILENA MOORE, }
 }
    Plaintiff, }
 } CIVIL ACTION NO.
vs. }
 } CV-96-AR-2250-E
SUPERVALU, INC., }
 }
    Defendant. }

### MEMORANDUM OPINION

On January 7, 1998, this court entered a memorandum opinion and order in which it granted partial summary judgment for defendant, SuperValu, Inc. ("SuperValu"), in the above-entitled action. At that time, the court denied without comment SuperValu's motion as addressed to plaintiff's claim for retaliatory discharge in violation of the Civil Rights Act of 1964, *as amended*, the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). On February 10, 1998, the court entered an order instructing plaintiff, Shilena Moore ("Moore"), to show cause in writing, if she could do so, why the court should not reconsider its earlier opinion and grant summary judgment for SuperValu with respect to the retaliatory discharge claim in keeping with Balletti v. Sun-Sentinel Co., 909 F. Supp. 1539 (S.D. Fla. 1995); Breech v. Alabama Power Co., 962 F. Supp. 1447 (S.D. Ala. 1997); Leslie v. Mobile Transit Auth., 963 F.

51

Supp. 1142 (S.D. Ala. 1997); and Rio v. Runyon, 972 F. Supp. 1446 (S.D. Fla. 1997). Both parties filed briefs in response to the court's show cause order. For the reasons set out below, the court now concludes that summary judgment should have been granted for SuperValu on Moore's retaliation claim, and such relief will now be granted.

## I. *Pertinent Undisputed Facts*

A more complete recitation of the facts this case appears in the memorandum opinion entered on January 7, 1998. Consequently, there is little need to repeat all of those facts, except for a brief synopsis of the facts of particular pertinence to Moore's retaliatory discharge claim.

In 1989, Moore began working at SuperValu's facility in Anniston, Alabama, as a contract employee hired though Personnel Staffing, Inc. In June, 1995, Moore sought regular employment with SuperValu as a "Perishable Clerk." Because she failed to pass an "Employment Inventory" examination that SuperValu requires of all outside applicants, Moore did not receive the position. Instead, SuperValu awarded the position to a white applicant who did pass the examination, Denise Hughes.

Moore was greatly upset by the decision to hire Hughes. Pl.'s Supp. Opp'n To Mot. For Summ. J. at 2. She claims that, at

the time the decision was made, she told coworkers that she was seeking legal advice about the situation. Id. On July 12, 1995, Danny Ellison ("Ellison"), Moore's immediate supervisor, made the notion "Lawyer" on her attendance report for that day. Exh. 5 to Ellison Dep.

On December 7, 1995, Moore filed a charge with the Equal Employment Opportunity Commission ("EEOC"). In her charge, Moore alleged that SuperValu's failure to hire her in June, 1995, was the result of racial discrimination. SuperValu terminated Moore's employment on January 16, 1996, for excessive absenteeism and tardiness. SuperValu did not receive notice of Moore's EEOC charge until January 22, 1996.

## II. *Summary Judgment Standard*

Rule 56 states in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 56(c), Fed.R.Civ.P. In addition, the Eleventh Circuit has observed that "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1061 (11th Cir. 1994). SuperValu has

3

previously invoked Rule 56.

### III. *Discussion*

Moore's sole remaining claim is for retaliatory discharge. In order to establish a *prima facie* case for retaliation under Title VII, Moore must demonstrate: (1) that she engaged in statutorily protected conduct; (2) that she suffered an adverse employment action; and (3) that a causal link exists between the protected expression and the adverse action. <u>Raney v. Vinson Guard Serv., Inc.</u>, 120 F.3d 1192, 1196 (11th Cir. 1997). Furthermore, as the Eleventh Circuit recently explained:

> In order to satisfy the "casual link" prong of a prima facie retaliation case, a plaintiff must, at a minimum, generally establish that the defendant was actually aware of the protected expression at the time the defendant took the adverse employment action. (Citation omitted). Since corporate defendants act only through authorized agents, in a case involving a corporate defendant the plaintiff must show that the corporate agent who took the adverse action was aware of the plaintiff's protected expression and acted within the scope of his or her agency when taking the action.

<u>Id.</u> at 1197 (citing <u>Goldsmith v. City of Atmore</u>, 996 F.2d 1155, 1163 (11th Cir. 1993)).

Moore draws from two different places in the record to support her contention that she has met her *prima facie* burden. First, she points to the fact that she filed her charge with the EEOC on December 7, 1995, and yet was discharged a little more

4

than one month later. She argues that the close temporal proximity of these two events establishes the requisite causal link and gives rise to an inference of impermissible race discrimination. This argument is unpersuasive. As it is undisputed that SuperValu did not receive notice of Moore's EEOC charge until six days *after* her discharge, it is impossible for the company to have been aware of this protected expression when it made the decision to fire her. As Raney makes clear, absent some evidence that SuperValu was "actually aware" of the EEOC charge when it terminated Moore's employment, the mere fact that these two events occurred in relatively quick succession does not create a jury question.

Second, Moore points to the notation "Lawyer" that Ellison made on her July 12, 1995, attendance report. Moore argues that this notation confirms that, when it fired her in January, 1996, SuperValu's management was aware that she was seeking legal advice as a result of not being hired for the position of Perishable Clerk in June, 1995. Although this evidence may demonstrate that, at the time of Moore's discharge, SuperValu had some knowledge that she was investigating her legal remedies for what she perceived as racial discrimination, it avails her nothing. It is well settled that "where a substantial period of time has elapsed between the two events — engagement in the

5

protected activity and the adverse employment action — the causal connection is less likely to exist absent evidence demonstrating a connection between the two events." Leslie v. Mobile Transit Auth., 963 F. Supp. 1142, 1149 (S.D. Ala. 1997). Given the fact that more than six months passed between the time of Moore's purported protected expression (speaking with an attorney) and her discharge, and the fact that Moore points to no other evidence linking the two events, it cannot be said that Ellison's ambiguous notation and her discharge are close enough in time to support an inference of causal connection. See Valdez v. Mercy Hosp., 961 F.2d 1401, 1403 (8th Cir. 1992) (finding no causal connection where six months passed between protected activity and termination); Rio v. Runyon, 972 F. Supp. 1446, 1460 (S.D. Fla. 1997) (finding no causal connection where seven months passed between protected expression and adverse action); Breech v. Alabama Power Co., 962 F. Supp. 1447, 1461 (S.D. Ala. 1997) (finding no causal connection where more than one year passed between protected expression and adverse action); Leslie, 963 F. Supp. at 1149 (same); Balletti v. Sun-Sentinel Co., 909 F. Supp. 1539, 1549 (S.D. Fla. 1995) (finding no causal connection where at least six months passed between protected expression and adverse action); Juarez v. Ameritech Mobile Communications, Inc., 746 F. Supp. 798, 804 (N.D. Ill. 1990), aff'd, 957 F.2d 317 (7th

6

Cir. 1992) (same); Maldonado v. Metra, 743 F. Supp. 563, 568 (N.D. Ill. 1990) (finding no causal connection where five months passed between protected expression and adverse action); Reeves v. Digital Equip. Corp., 710 F. Supp. 675, 677 (N.D. Ohio 1989) (finding no causal connection where three months passed between protected expression and adverse action); Brown v. A.S.D. Computing Ctr., 519 F. Supp. 1096, 1116-17 (S.D. Ohio 1981) (finding no causal connection where four months passed between protected expression and adverse action).

Based on the foregoing, the court concludes that Moore has failed to satisfy the third element of her *prima facie* case for retaliatory discharge. Accordingly, SuperValu is due to receive summary judgment on that claim.

### IV. *Conclusion*

The court will enter a separate and appropriate order in keeping with this memorandum opinion.

DONE this 27th day of February, 1998.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE